UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS DIXON,

    Petitioner,

                                    Case No. 8:08-cv-1244-T-24TGW

SECRETARY, DEPT. OF CORRECTIONS,

    Respondent.

_____

## **ORDER**

This cause is before the Court on Petitioner Dixon's 28 U.S.C. § 2254 petition for writ of habeas corpus. Dixon challenges his conviction and sentence entered by the Circuit Court for the Twelfth Judicial Circuit, Sarasota County, Florida. A review of the petition and Dixon's exhibit to be petition reveals that the petition has no merit and must be denied.

Background

Dixon was convicted of robbery with a deadly weapon and sentenced to life imprisonment on February 4, 2003. (Petition, p. 1). The state district court of appeal per curiam affirmed Dixon's judgment and conviction. (Petition, p. 2). Dixon then filed a rule 3.850 motion for postconviction relief that was denied by the state trial court. (Petition, p. 3). The state district court of appeal per curiam affirmed the denial of postconviction relief on August 1, 2007. (Petition, p. 7; Exh. 1-2).

Dixon signed the present federal petition on June 24, 2008, and filed the petition on June 27, 2008. The petition is timely.

Dixon raises one claim of ineffective assistance of counsel in the present federal petition. He alleges that trial counsel was ineffective for failing to view the videotape of the robbery before trial. In support Dixon contends:

> At the evidentiary hearing, trial counsel admitted to not reviewing the videotape before trial, and before moving for it to be excluded as evidence. During the evidentiary hearing, counsel did view the videotape and photo stills. Counsel admitted that, had he reviewed the tape, his cross-examination of the victim would have been different. He also admitted that there is a reasonable probability that the outcome of the proceeding would have been different had he properly prepared for trial.

(Petition, p. 6).

## Discussion

In support of his petition, Dixon filed a copy of the state trial court's order denying his 3.850 motion for postconviction relief. The order reads:

### ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

> This matter came before the court on Defendant's Motion for Post-Conviction Relief (the "Motion"). By order dated May 17, 2004, this court denied several of Defendant's claims and ordered the State to file a written response to Defendant's remaining claims. Following receipt of the State's response, the court ordered that an evidentiary hearing be held on three claims. At the start of the evidentiary hearing, the court granted the Defendant's request to add a claim, and allowed the Defendant to withdraw one of his claims. The claims presented at the evidentiary hearing were:
>
> > 1. Defendant's trial counsel was ineffective for failing to argue that the State failed to prove that the perpetrator used a deadly weapon during the course of the robbery.
> >
> > 2. Defendant's trial counsel was ineffective for failing to argue that the victim's testimony suggested that the item carried by the perpetrator may have only been a common pocketknife and therefore not a "weapon."
> >
> > 3. Defendant's trial counsel was ineffective for excluding from evidence the surveillance video of the robbery, without having carefully viewed the video, resulting in the jury not seeing

>exculpatory evidence.

The court received evidence over several days, has reviewed the court file, has reviewed the surveillance tape, and has carefully reviewed the trial transcript. Being fully advised in the premises, the court makes the following findings of fact and conclusions of law as they relate to Defendant's claims:

>1. Contrary to Defendant's first claim, Defendant's trial counsel did indeed argue that the State failed to prove that the perpetrator used a deadly weapon. In his closing argument to the jury, (Trial Tr. 184-185), he argued as follows:
>
>>I submit he's absolutely not guilty, but there's one thing the Judge is going to instruct you on, and that's called Robbery with a Deadly Weapon. And he's going to tell you that deadly weapon is a weapon that's used or threatened in a way likely to produce death or great bodily harm. Well, we have no testimony to that, ladies and gentlemen. The only testimony we have is that a knife was held up, just like that. Nothing else was done, that a threat was conveyed, that I'm going to cut you, I'm going to stab you, open the drawers or else, nothing like that, other than the knife being held in the air. I submit to you, ladies and gentlemen, that that should just totally be thrown out on that particular charge. It shouldn't even be considered at all.

Although trial counsel failed to move for a judgment of acquittal on the basis that the State failed to prove that the perpetrator used a deadly weapon during the course of the robbery, had he made such a motion, it would have been denied. At trial, the victim testified that the perpetrator walked behind the convenience store counter where the register is located (and where only employees are situated), reached into his pocket, pulled out a knife, and told the victim to "open the [cash register] door." (Trial Tr. 32). The victim initially told the perpetrator that he wouldn't open the door, however, did so after the perpetrator repeated his command. (Trial Tr. 33). The victim further testified that when the perpetrator "pulled around, he pulled out the knife. I opened the drawer - when I opened the drawer, he himself, he took the drawer." (Trial Tr. 34). While taking the money out of the drawer, the victim testified that the perpetrator continued to hold the knife, and said, "don't try to do anything, don't try to be a hero ..." (Trial Tr. 35)[1]

---

[1] Defendant argues that it was only through the cross examination by his trial

counsel that the element of the victim's fear was established, and that trial counsel was therefore ineffective. Although the victim answered "yes" to Defendant's trial counsel's question, "you were afraid he was going to stab you, correct?" (Trial Tr. 47), the court does not need to address this issue because the court finds that the necessary elements of robbery with a deadly weapon had already been established through the State's questioning.

Based on the victim's testimony, the State presented sufficient evidence to prove that a robbery with a deadly weapon occurred. See e.g. Magnotti v. State. 842 So. 2d 963 (Fla. 4th DCA 2003) (if the circumstances attendant to the robbery were such as to ordinarily induce fear in the mind of a reasonable person, then the victim may be found to be in fear for the purpose of the robbery statute, and actual fear need not be proved). It is well settled that whether a particular weapon is in fact a deadly weapon is a jury question. See Dale v. State. 703 So. 2d 1045 (Fla. 1997). Defendant's reliance on the "common pocketknife" exclusion from the weapon definition contained in Florida Statute 790.001(13) is misplaced. That statute pertains to weapon possession offenses. A common pocketknife may constitute a deadly weapon when used in a robbery in a way likely to produce death or great bodily harm. See e.g. Durden v. State. 743 So. 2d 77 (Fla. 1st DCA. 1999); Cassidv *v.* State. 853 So. 2d 594 (Fla. 5th DCA 2003). Accordingly, this was a proper factual determination to be made by the jury. Dale v. State. 703 So. 2d 1045 (Fla. 1997).[2]

---

[2] The knife was never actually described by the victim as a common pocketknife, but rather as a "six-inch knife... not a big knife." (Trial Tr. 47).

Finally, Defendant argues that the surveillance video, introduced at the evidentiary hearing as Exhibit 1, contained exculpatory information, and that defense counsel was ineffective in excluding the video from evidence without having carefully viewed it.[3] At the evidentiary hearing, the surveillance video was played using special equipment (and a video technician), which allowed each individual frame to be frozen without distortion. After carefully viewing the surveillance video, the court finds, contrary to Defendant's assertion, that the tape is entirely consistent with the victim's trial testimony. The perpetrator's physical appearance is completely consistent with the Defendant's, and the only frame showing the Defendant's hand revealed an object not at all inconsistent with the knife described by the victim. It is easily understandable why the State sought the tape's admission at trial. Defendant has therefore not met his burden of establishing that but for counsel's failure to view the videotape and excluding it from evidence, there is a reasonable probability the outcome of the trial would have been different. See State v. Jackson. 725 So. 2d 1234 (Fla. 2d DC A 1999).

---

[3] At trial, the State sought to introduce the video, however, the defense

> succeeded in excluding the tape because the State had not provided a complete and viewable copy of the tape. Complete and proper viewing required special equipment.

For the reasons described above it is therefore,

**ORDERED** and **ADJUDGED** that Defendant's Motion for Postconviction Relief is denied in its entirety. Defendant has thirty days from the date of this order in which to file a Notice of Appeal.

(Petitioner's Exhibit 1 to the Petition).

## The AEDPA Standard of Review

Because Dixon filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002). The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see, Bell v. Cone, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]). AEDPA is relevant to a review of this Petition.

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 123 S.Ct. 1848, 1852-53 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001). "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S.63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. Mitchell v. Esparza, 124 S.Ct. 7, 10 (2003); Clark v. Crosby, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S. at 75-77. A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell v. Esparza, 124 S.Ct. at 10; Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003).

In the present case, the state trial court found that trial counsel was not ineffective

for failing to review the videotape before trial and before moving for the tape to be excluded as evidence. The state trial court was not required to cite <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the seminal ineffective assistance of counsel case, so long as neither the state trial court's reasoning nor its result contradicted Supreme Court precedent.

Petitioner Dixon has not shown, by clear and convincing evidence, that the state court's rejection of his ineffective assistance of counsel claim relied on erroneous facts, or that the state court applied established federal law in a manner that was contrary to or was objectively unreasonable in light of <u>Strickland</u>, which is United States Supreme Court precedent as to ineffective assistance of counsel claims.

Because Dixon has failed to show that his trial counsel performed ineffectively and that the outcome of the proceeding would have been different had trial counsel performed as Dixon now contends he should have performed, Dixon has not met his burden to show that counsel was ineffective and Dixon is not entitled to habeas corpus relief.

**Accordingly, the Court orders:**

That Dixon's petition is denied. The Clerk is directed to enter judgment against Dixon and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). <u>Id.</u> "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> at §

2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 3, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Dennis Dixon

C